UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,        Case No. 17-20489

v.

                                  Honorable Terrence G. Berg

D-7 Anthony Dewayne Oliver,
    a/k/a "AD," a/k/a "Dizzle,"

        Defendant.

### Government's Response to Defendant's Motion Regarding Credit Toward His Sentence (ECF No. 424)

Defendant Anthony Oliver spent a portion of his pretrial release on home incarceration. He moved for the Court to credit his time under home incarceration towards his sentence. (ECF No. 424: Oliver's Motion, PgID 2956). Oliver is not entitled to the relief he seeks and the Court should deny his motion.

On May 15, 2018, Oliver initially appeared in court and was released on bond and ordered to home incarceration (24-hour-a-day lock-down except for medical necessities and court appearances or other activities specifically approved by the court) with location monitoring. (ECF No. 122: Order Setting Conditions of Release, PgID. 1121). On November 19, 2018, Oliver's condition of home incarceration was modified to home detention (restricted to residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered

obligation; or other activities pre-approved by the pretrial services office) to allow him to participate in a substance abuse treatment program based on his pretrial service officer's petition. Location monitoring was continued. (ECF No. 164). On June 13, 2019, following Oliver's guilty plea to conspiracy to distribute controlled substances, this Court orally modified Oliver's bond, removing the condition of home detention and instead imposing a curfew to allow Oliver to seek employment. Location monitoring continued. The Court entered an order memorializing the changes the following day. (ECF No. 221).

Oliver has now moved this Court to credit him the time between May 13, 2018 and June 23, 2019, toward his sentence and misrepresented that he was under home incarceration for more than a year. (ECF No. 424: Oliver's Motion, PgID. 2955). Oliver's representation about the time he was under home incarceration is inaccurate, but regardless, he is not entitled to credit towards his sentence. The calculation of a term of imprisonment is governed by 18 U.S.C. § 3585. As it applies to Oliver, who was permitted to voluntarily surrender, Section 3585(a) indicates that a defendant's sentence of imprisonment "commences on the date the defendant…arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." Section 3585(b) then determines whether a defendant is entitled to any credit against that sentence for prior time in custody. It states that "[a] defendant shall be given credit toward the

service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed . . . that has not been credited against another sentence." 18 U.S.C. § 3585(b). But neither Oliver's time on home incarceration nor home detention nor while on location monitoring qualify as "official detention." Credit for pretrial detention is only available if the defendant was physically incarcerated. Pretrial release with very restrictive conditions is not the same thing. See *Reno v. Koary*, 515 U.S. 50 (1995*); United States v. Becak*, 954 F.2d 386 (6th Cir. 1992).

Lastly, by requesting the Court credit his sentence, Oliver is asking the Court to make a determination that is reserved to the Bureau of Prisons. Under 18 U.S.C. § 3585, the Attorney General is responsible for federal sentence computation decisions. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). *See generally*, *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993). This authority has been delegated to the Bureau of Prisons. 28 C.F.R. § 0.96. It falls to the Bureau of Prisons, not the district judge, to determine when a sentence is deemed to commence and whether a defendant receives credit under 18 U.S.C. § 3585. See *United States v. Wells*, 473 F.3d 640 (6th Cir. 2007); *United States v. Gibbs*, 626 F. 3d 344 (6th Cir. 2010); *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992). Therefore, the Court does not have the authority to grant the relief Oliver seeks, even if he were entitled to credit.

For the above stated reasons the Court should deny Oliver's motion.

                                              Respectfully submitted,

                                              Matthew Schneider
                                              United States Attorney

                                              */s/* Andrea Hutting
                                              Assistant United States Attorney
                                              211 W. Fort Street, Suite 2001
                                              Detroit, MI 48226
                                              Phone: (313) 226-9110
                                              andrea.hutting@usdoj.gov

Dated: December 15, 2020

Certification of Service

I certify that on December 15, 2020, I electronically filed the forgoing document with the Clerk of the Court of the Eastern District of Michigan used the ECF system, which will send notification of such filing to all users of record.

I further certify that I thereafter mailed the foregoing document to the following non-ECF participant:

    Inmate Anthony Dwayne Oliver
    Prisoner Register No. 57706-039
    FCI Milan P.O. Box 1000
    Milan, MI 48160

                                              *s/ Andrea Hutting*
                                              Andrea Hutting
                                              Assistant United States Attorney