UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, v. **ANTHONY DWAYNE OLIVER**, Defendant. | 2:17-CR-20489-TGB-EAS-7 HON. TERRENCE G. BERG **ORDER DENYING DEFENDANT'S MOTION REGARDING CREDIT TOWARD SENTENCE (ECF NO. 424)** |

On September 24, 2020, Anthony Dwyane Oliver filed a motion to correct a purported clerical error regarding judgment pursuant to Fed. R. Civ. P. 60(a). ECF No. 424. Oliver seeks credit for time when he was on bond but with conditions of home incarceration. The government responded in opposition, arguing that Oliver is not entitled to credit for the time on pretrial release spent in home incarceration and that the Court does not have the authority to decide questions of credit for time served. ECF No. 431. After reviewing the motion and response, the Court **DENIES** the motion for credit toward sentence because it does not have the jurisdiction to apply such a credit under 18 U.S.C. § 3585(b).

Mr. Oliver was sentenced to 120 months in prison followed by a five-year term of supervised release for participating in a conspiracy to distribute heroin and cocaine. ECF No. 301, PageID.2018. According to the Bureau of Prisons ("BOP"), his release date is November 28, 2027,

1

and he is currently incarcerated at FPC Pensacola in Pensacola, Florida. In addition to the motion pending before the Court seeking credit on his sentence, Oliver previously filed a motion for compassionate release in May 2020, which was denied that month. ECF Nos. 366, 382.

In a recent unpublished decision, the Sixth Circuit discussed this question in a near-identical scenario, where a prisoner had asked the district court to grant credit for time served in home detention. *United States v. Stanley*, No. 22-1500, 2022 U.S. App. LEXIS 35218, at *1–3 (6th Cir. Dec. 20, 2022). The district court denied the motion on the ground that the term "official detention," contained in 18 U.S.C. § 3585(b) means "physical incarceration." Although this reasoning is correct, *see Reno v. Koary*, 515 U.S. 50, 65 (1995) and *United States v. Becak*, 954 F.2d 386, 387–88 (6th Cir. 1992), the Sixth Circuit vacated the district court's decision denying credit for time spent in home detention because the district court did not have jurisdiction to consider the issue under Section 3585(b) at all and could not reach the question of its merits. *Stanley*, 2022 U.S. App. LEXIS 35218 at *3. *See United States v. Westmoreland,* 974 F.2d 736, 737 (6th Cir. 1992) ("For the District Court to make the initial determination, it would have to be acting pursuant to some sort of delegation of authority from the Attorney General, clearly impermissible for an Article III court."); *see also United States v. Smith,* No. 19-4027, 2020 U.S. App. LEXIS 25984 (6th Cir. Aug. 14, 2020).

The Sixth Circuit's decision in *Stanley* governs the result here—this Court does not have jurisdiction to consider Oliver's request because decisions regarding federal sentence computation are committed to the Attorney General under 18 U.S.C. § 3585. *See also United States v. Wilson*, 503 U.S. 329, 333 (1992).

Oliver may instead seek such relief under administrative remedies from the Attorney General, through BOP, and if those fail, file a writ of habeas corpus under 28 U.S.C. § 2241 to properly challenge BOP's credit computations after the Attorney General makes an initial sentencing-credit determination. But regardless of how Oliver may seek to raise this question, the same law will apply: Oliver's prior period of home detention, served as a condition of pretrial release, is not considered "official detention" for purpose of allowing credit reductions under Section 3582.

Thus, Defendant's motion for credit toward sentence is **DENIED** due to a lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: October 30, 2023     s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE